# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| ROBERT MURPHY, | ) |
| Petitioner, | ) |
| v. | ) NO. 1:18-cv-00013 |
| MIKE PARRIS, Warden, | ) JUDGE CAMPBELL |
| Respondent. | ) |

## MEMORANDUM

Robert Murphy, an inmate of the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 on January 29, 2018. (Doc. No. 1.) On April 30, 2018, after being directed to respond to the petition, Respondent filed his Motion to Dismiss the Petition for Untimeliness (Doc. No. 13), supported by a memorandum of law (Doc. No. 13-1) and relevant portions of the record of state-court proceedings. (Doc. No. 12.) Petitioner filed a brief in response. (Doc. No. 15.) Respondent's motion to dismiss is now before the Court for disposition. For the reasons that follow, and by Order entered contemporaneously herewith, the motion will be granted, and this action will be dismissed.

## I. Procedural History

On May 6, 2002, Petitioner pled guilty to two counts of rape, two counts of aggravated sexual battery, and two counts of incest in Lewis County Circuit Court and was sentenced to consecutive 12-year sentences on each of the rape and aggravated sexual battery convictions, for a total of 48 years in prison, to be served at 100%. He also received 6-year sentences for the two incest convictions, to run concurrently with his 48-year sentence.

Petitioner's sentences did not include community supervision for life as required by state law, nor did they reflect the application of credit for his time spent in pretrial detention. Upon learning of these defects, on June 25, 2013, Petitioner filed a *pro se* petition for writ of habeas corpus in state court raising these issues and was subsequently appointed counsel. After hearing the matter, the state habeas court agreed that Petitioner had been improperly sentenced and, by order entered February 18, 2014, remanded the case to the Lewis County Circuit Court for entry of corrected judgments reflecting the mandatory sentence of community supervision for life, pursuant to Section 39-13-524 of the Tennessee Code. (Doc. No. 12-1 at 31–32.) Those corrected judgments were entered on March 17, 2014. (*Id.* at 74–77.)

Petitioner subsequently alerted the state habeas court that it had failed to instruct the sentencing court to correct the judgments vis-à-vis the application of pretrial jail credits, and on April 9, 2014, the court entered an amended order that affirmed the need for correction of the judgments on both fronts: community supervision for life and pretrial jail credits. (Doc. No. 12-1 at 34–36.) The judgments were not corrected to reflect the appropriate award of pretrial jail credits until February 25, 2015. (*Id.* at 26–29.)

On April 22, 2015, Petitioner filed a *pro se* petition for post-conviction relief in Lewis County Circuit Court. (*Id.* at 4–19.) Petitioner sought relief on grounds that (1) his 2002 guilty plea was not knowingly entered because it had not been informed by the understanding that he would be subject to lifetime community supervision, and (2) the amount of pretrial jail credits awarded in the corrected judgments was inaccurate. (*Id.*) Petitioner stated in his post-conviction petition that the subject of his petition was the February 25, 2015 corrected judgments. (*Id.* at 18.) The post-conviction trial court ruled that only the first ground for relief stated a colorable claim for post-conviction relief. (*Id.* at 50.) In response to that claim, and based on its position that the

one-year state statute of limitations began to run upon entry of the judgments reflecting lifetime community supervision and not upon entry of the judgments reflecting pretrial jail credit, the State moved to dismiss the post-conviction petition as untimely because more than one year passed between the entry of the corrected judgments imposing lifetime community supervision on March 17, 2014, and the filing of the post-conviction petition on April 22, 2015. (*Id.* at 70–72.) The post-conviction court granted the motion and dismissed the petition as untimely, holding that the limitations clock started on March 17, 2014, and that due process did not require tolling of the statute of limitations until the date that Petitioner received actual notice that the corrected judgments had been entered (Doc. No. 12-2 at 68–71), which he testified by affidavit to have been in "the latter part of May 2014." (Doc. No. 12-7 at 3.)

Petitioner filed a timely appeal from this ruling to the Tennessee Court of Criminal Appeals, presenting the issue for appeal as follows: "Whether due process requires the tolling of the statute of limitations for the filing of Petitioner's petition for post-conviction relief, when Petitioner had no notice of the triggering event that started the running of the applicable statute of limitations." (Doc. No. 12-8 at 5.) On April 6, 2017, the Tennessee Court of Criminal Appeals issued a decision affirming the post-conviction trial court. *Murphy v. State*, No. M2016-00071-CCA-R3-PC, 2017 WL 1287525 (Tenn. Crim. App. Apr. 6, 2017), *perm. app. denied* (Tenn. Aug. 16, 2017). The Court of Criminal Appeals recognized that "due process may require tolling the statute of limitations" upon a showing of diligence in pursuit of the petitioner's rights and an extraordinary circumstance that prevented timely filing, *id.* at *3, but made the following determinations en route to rejecting Petitioner's tolling argument:

> Here, the failure to include the community supervision for life provision rendered the Petitioner's sentence illegal; thus, the judgment of conviction was void. *State v. Bronson*, 172 S.W.3d 600, 601–602 (Tenn. Crim. App. 2005). The failure to award him pretrial jail credit, however, did not render the sentence illegal. *State v. Brown*,

3

> 479 S.W.3d 200, 213 (Tenn. 2015); *Cory O'Brian Johnson v. State*, No. W2016–00087–CCA–R3–HC, 2016 WL 4545876, at *2 (Tenn. Crim. App. at Jackson, Aug. 30, 2016). Accordingly, the one-year statute of limitations began to run on March 17, 2014, when the trial court filed the amended judgments, not February 25, 2015, when the trial court filed the corrected judgments for pretrial jail credit. The Petitioner filed his pro se petition more than one year later on April 22, 2015.
>
> The Petitioner does not allege any of the statutory exceptions to the one-year statute of limitations. He also does not allege that his claim for post-conviction relief arose after the statute of limitations expired, that his mental incompetence prevented compliance with the statute of limitations, or that his attorney committed misconduct. Instead, he argues that he late-filed his petition because he did not receive actual notice that the amended judgments had been filed until late May 2014. However, this court has "refuse[d] to engraft a discovery rule over the statute of limitations in post-conviction cases." *Passarella v. State*, 891 S.W.2d 619, 625 (Tenn. Crim. App. 1994); *James Marvin Martin v. State*, No. E2004–00740–CCA–R3–PC, 2004 WL 2280425, at *3 (Tenn. Crim. App. at Knoxville, Oct. 11, 2004), *perm. to appeal denied*, (Tenn. Feb. 28, 2005). In any event, even though the Petitioner learned about the amended judgments in late May 2014, he still had ten months in which to file his petition, and he has offered no explanation for why he failed to do so. Therefore, under these facts, we cannot conclude that the Petitioner was diligently pursuing his rights or that some extraordinary circumstance prevented him from timely filing.

*Murphy*, 2017 WL 1287525, at *4. The Court of Criminal Appeals concluded that Petitioner was not entitled to tolling of the statute of limitations, and therefore that the petition was properly denied as untimely. *Id.* On August 16, 2017, the Tennessee Supreme Court denied Petitioner's application for permission to appeal this decision.

On January 29, 2018, Petitioner filed his *pro se* habeas petition under Section 2254 in this Court, raising two claims for relief: (1) "The state court's determination that the Post Conviction Relief petition was time barred violates due process of law . . . [and] is contrary to and an unreasonable application of clearly established federal law[,]" and (2) "The guilty plea was entered without a knowing voluntary understanding of the consequences of Community Supervision for Life." (Doc. No. 1 at 5, 7.) In response, the government moves to dismiss the petition based on the applicable federal statute of limitations, 28 U.S.C. § 2244(d)(1). Petitioner has responded in

opposition to the government's motion. Having carefully considered these pleadings and the record, it appears that an evidentiary hearing is not needed in this matter. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules Gov'g § 2254 Cases.

## II.  Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified at 28 U.S.C. § 2244, *et seq.*), petitions under Section 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1); *Holland v. Florida*, 560 U.S. 631, 635 (2010). In most cases, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). In the case at bar, it is undisputed that the state court's corrected judgment reflecting the mandatory sentence of community supervision for life amounts to "a new sentence [that] not only permits a challenge to either the new sentence or the undisturbed conviction, but also restarts AEDPA's one-year window to challenge that judgment." *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016). As the Tennessee Court of Criminal Appeals found, the corrected judgment awarding pretrial jail credits did not impose a "new, worse-than-before sentence," *id.*, but effected "a limited sentence modification that benefits [the] petitioner" and therefore does not restart the statute of limitations. *Martin v. Phillips*, No. 17-5499, 2018 WL 5623651, at *2 (6th Cir. July 13, 2018).

Accordingly, following the entry of the corrected judgment on March 17, 2014, and the expiration of the thirty-day period for filing a notice of appeal therefrom, *see* Tenn. R. App. P. 4(a) (notice of appeal "shall be filed . . . within 30 days after entry of the judgment appealed from"),

5

the AEDPA clock began to run on April 17, 2014, several years before the Section 2254 petition was filed in this Court. The statute must therefore be tolled if Petitioner's action is to be found timely.

### A. Statutory Tolling

The statutory tolling provision, 28 U.S.C. § 2244(d)(2), states that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward" the limitation period. This statutory tolling provision requires that the state post-conviction petition be "properly filed," which the U.S. Supreme Court has interpreted as meaning, e.g., that the petition is submitted to the state court in a timely fashion; "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). This is so "regardless of whether [the state court] also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits." *Id.*

Here, the decision of the Tennessee Court of Criminal Appeals leaves no room for debate as to the propriety of Petitioner's post-conviction filing. That court found that the one-year statute of limitations applicable to Tennessee inmates' post-conviction petitions, Tenn. Code Ann. § 40-30-102(a), had expired before Petitioner filed his post-conviction petition, and that no grounds for tolling of the statute had been demonstrated. The court noted that Petitioner was not caught in some procedural trap that would have rendered a filing during the limitations period improper, such that his due process rights would be violated if the statute were not tolled; rather, Petitioner was "provided an opportunity for the presentation of claims at a meaningful time and in a

6

meaningful manner" after being notified of the corrected judgments in late May 2014,[1] but delayed that presentation out of a simply "erroneous[] belie[f] [that] he had one year from February 25, 2015, to file his petition." *Murphy*, 2017 WL 1287525, at *4. No matter what this Court may think of Petitioner's argument that he "had no way of knowing when" the corrected judgments would be entered, and that it was only after being actually notified of the judgments accounting for both lifetime community supervision and pretrial jail credits that he could "evaluate, raise, and meaningfully address his claim for post-conviction relief" (Doc. No. 12-8 at 12), this Court is "not at liberty to second guess [the state] court's decision when it was acting on direct appeal of the state post-conviction court's judgment" applying a state statute of limitations. *Rudin v. Myles*, 781 F.3d 1043, 1054 & n.14 (9th Cir. 2015) (rejecting the petitioner's claim that she should have benefited from equitable tolling in state court and is therefore entitled to tolling under Section 2241(d)(2); "Equitable tolling . . . is a federal doctrine entirely separate from state law."). *See Hutchison v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984) (stating it to be "axiomatic that state courts are the final authority on state law" and that "[s]tate statutes mean what state courts say they mean"); *Mitchell v. Locke*, No. 3:06-0100, 2006 WL 1875962, at *2 (M.D. Tenn. July 5, 2006) (finding that because Tennessee Court of Criminal Appeals determined post-conviction petition to

---

[1] Petitioner now attempts to cast his affidavit testimony establishing this date of actual notice as a mistake, "a minor discrepancy related to the faulty memory of the 70 year old Petitioner" (Doc. No. 15 at 6), and to "posit[] that . . . February 25, 2015 was the first [date of] 'actual notice.'" (*Id.* at 11.) However, he cannot amend the factual record before the Tennessee courts at this point, nor can he create a new factual record for purposes of federal habeas review without rendering his claim unexhausted. *See Picard v. Connor*, 404 U.S. 270, 276–77 (1971) (recognizing that exhaustion requires that state courts had the opportunity to apply controlling legal principles to the facts that bear on a constitutional claim). Even if the Court were to accept Petitioner's argument that he was unable to commence post-conviction proceedings before April 9, 2014, when the state habeas court issued its amended order remanding for correction of Petitioner's sentence regarding both post-release supervision and jail credits and thereby relinquished jurisdiction over the matter (Doc. No. 15 at 7), that would not impugn the state courts' finding—based on his uncontroverted testimony—that he received notice of the entry of corrected judgments in late May of that year.

7

be untimely, "the petitioner's post-conviction petition was not 'properly filed' within the meaning of § 2244(d)(2) and had no tolling effect on the limitation period") (citing *Pace*, *supra*).

Accordingly, the Court finds that Petitioner is not entitled to statutory tolling of the limitations period.

**B.     Equitable Tolling**

The expiration of the statutory limitations period does not act as a jurisdictional bar to habeas relief, but may be equitably tolled in appropriate cases. *Holland*, 560 U.S. at 645–49. The doctrine of equitable tolling is used sparingly and is typically applied "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (citing *Graham–Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000)). It is Petitioner's burden to show that he is entitled to equitable tolling, *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002), a burden he may carry by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649; *see also Stiltner v. Hart*, 657 F. App'x 513, 520 (6th Cir. 2016).

As Respondent points out, Petitioner does not explicitly argue for equitable tolling of the AEDPA limitations period. He opposes the enforcement of the state post-conviction statute of limitations—over his objection before the state courts that equity ("due process") required the tolling of that statute—as a matter of federal due process. But he cannot carry his burden of demonstrating his entitlement to equitable tolling solely by adverting to the substantive claim of his habeas petition. While Petitioner chose to pursue a remedy on appeal from the state post-conviction court's ruling that his petition there was untimely, he did so without "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas

proceedings until state remedies are exhausted"—the course suggested by the Supreme Court to avoid the predicament of "trying in good faith to exhaust state remedies . . . only to find out at the end that [the state petition] was never 'properly filed.'" *Pace*, 544 U.S. at 416. Petitioner argues that his decision to pursue his post-conviction rights in state court was motivated by his belief that Tennessee law dictated that his sentence was only legal and valid if it included the proper award of pretrial jail credits (Doc. No. 15 at 8 & n.1), but this argument is directed toward establishing his entitlement to substantive habeas relief. As it relates to tolling, the argument ignores Petitioner's proof before the post-conviction trial court and the Tennessee Court of Criminal Appeals, where he argued that due process required the starting of the limitations clock when he received actual notice of his new sentence in May 2014.

By the time he received the December 9, 2015 ruling of the post-conviction trial court, Petitioner was on notice that the February 25, 2015 "correction adding jail credits, unlike the amendment imposing community supervision for life, does not, as a matter of law, restart the running of the [post-conviction review] statute of limitations." (Doc. No. 12-2 at 71.) Thus, even if the Court were to construe Petitioner's substantive argument as asserting his entitlement to equitable tolling for the time during which his post-conviction petition was pending in the state courts, it cannot be said that "state law made it appear as though he might gain relief, despite the petition's untimeliness." *Pace*, 544 U.S. at 418. Nor can Petitioner demonstrate the requisite diligence in pursuing his federal rights, as he not only failed to make any protective filing in this Court after learning that the second corrected judgment would not restart the limitations period, he waited five additional months after the Tennessee Supreme Court denied him permission to appeal before filing his federal petition in this Court. Equitable tolling is therefore inappropriate in this case.

Finally, Petitioner makes no claim of actual innocence of the charges of conviction, such that the Court could reach the merits of his petition despite its untimeliness. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (allowing that actual innocence can operate in rare cases as an "equitable exception to § 2244(d)(1)," rather than grounds for tolling). In fact, he concedes that even if his petition in this Court were timely, his claim that his guilty plea was unconstitutionally procured "is unexhausted and procedurally defaulted, for failure to present the claim on appeal from the denial of Post Conviction Relief." (Doc. No. 15 at 4.)

### III.     Conclusion

In light of the foregoing, Respondent's motion to dismiss (Doc. No. 13) will be granted, and this action will be dismissed.

"When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Swantak v. Romanowski*, No. 08-CV-10126, 2008 WL 186127, at *2 (E.D. Mich. Jan. 18, 2008) (citing *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)). Because reasonable jurists could not find it debatable that the Court is correct in its procedural ruling under the circumstances presented here, the Court declines to issue a certificate of appealability in this case.

An appropriate Order will be filed herewith.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE